UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED GORDON, WILLIAM WIDMYER,
OSCAR STEFANUTTI, BROWN
ROAD GROUP, BFO INVESTMENT
COMPANY, and REFCO, INC.,

       Plaintiffs,

v.                              Case No. 12-CV-13724
                                  HON. GEORGE CARAM STEEH

JOHN URBAHNS,

       Defendant.
_____/

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR RECONSIDERATION (DOC. # 34) AND GRANTING
IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
LEAVE TO FILE A SECOND AMENDED COMPLAINT (DOC. # 35)

BACKGROUND

Plaintiffs brought this action on August 22, 2012, alleging that defendant had engaged in self-dealing behavior in connection with a land development project, amounting to breaches of both fiduciary duties and contracts executed in conjunction with the project as well as additional tortious acts.[1] Plaintiffs' first amended complaint, filed November 17, 2012, included seven counts: (1) breach of fiduciary duty; (2) contribution; (3) violation of Mich. Comp. Laws Ann. § 450.4404; (4) violation of Mich. Comp. Laws Ann. § 450.4515; (5) accounting pursuant to Mich. Comp. Laws Ann. § 450.4503; (6) breach of contract; and (7) "piercing the corporate veil."

---

[1] The factual background of this case is described in this court's April 18, 2013 opinion and order granting in part and denying in part defendant's motion to dismiss (Doc. # 30).

On April 18, 2013, the court dismissed all but Count V of the first amended complaint for failure to state a claim. The order dismissed Counts I, III, and IV, finding that the defendant himself did not owe a duty involving the limited liability land development corporation. The order dismissed Counts II and VI, because plaintiffs failed to allege any payment they had made regarding which they were entitled to contribution by defendant. Finally, the order dismissed Count VII, finding that "piercing the corporate veil" is not a cause of action but a remedy. The court stated in the order that it would entertain a motion for leave to amend to properly plead a "piercing the corporate veil" theory.

Plaintiffs have requested reconsideration of that order, asserting error in the decision regarding Counts I (Common Law Breach of Fiduciary Duty) and IV (Violation of Mich. Comp. Laws Ann. § 450.4515). Plaintiffs have also requested leave to file a second amended complaint ("SAC"). In accordance with E.D. Mich. LR 7.1(f)(1) and (f)(2), these motions are ordered submitted on the briefs.

## DISCUSSION

Motion to Reconsider

In order to merit reconsideration in this court, plaintiffs must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich LR 7.1(h)(3). "[M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be granted." Id.

Plaintiffs urge that this court misconstrued the holding in Department of Agriculture v. Appletree Marketing, LLC, 485 Mich. 1 (2010), when it determined that the case was

inapplicable to the instant matter. Plaintiffs cite multiple cases in support of their argument, involving claims in which the individual defendant, acting in an unlawful or tortious manner, caused his corporation to act unlawfully.

In Appletree, the Department of Agriculture and the Michigan Apple Committee sued both an apple distributor and its principal. Plaintiffs claimed violations of the Agricultural Commodities Marketing Act (ACMA) as well as claims of common law and statutory conversion stemming from the distributor's failure to remit assessments required under the ACMA . The Supreme Court of Michigan was first faced with deciding whether the ACMA provided the exclusive remedy for its violation. Determining that it did not, and that statutory and common law claims of conversion against both Appletree and its principal could be pursued in addition to remedies available under the ACMA itself, the court then determined whether the member-manager of an LLC who caused the LLC to breach statutory and common law duties could be held liable for such torts. Noting that "Michigan law has long provided that corporate officials may be held personally liable for their individual tortious acts done in the course of business, regardless of whether they were acting for their personal benefit or the corporation's benefit," the Appletree court concluded that the individual defendant "may be held personally liable for any intentional torts he is proved to have committed in the course of operating his business." Appletree, 485 Mich. at *19.

Plaintiffs also cite Allen v. Morris Bldg. Co., 360 Mich. 214 (1960), where the individual defendant negligently managed the construction of a development that flooded plaintiff's property, which was an individually tortious act. The cases of B.C. Tile & Marble Co., Inc. v. Multi Building Co., Inc., 288 Mich. App. 576 (2010), and Livonia Bldg. Materials

Co. v. Harrison Constr. Co., 276 Mich. App. 541 (2007), where individual defendants were alleged to have violated the Michigan Builders' Trust Fund Act, similarly confirm that "a corporate employee or official is personally liable for all tortious or criminal acts in which he participates, regardless of whether he was acting on his own behalf or on behalf of the corporation." Livonia Bldg., 276 Mich.App. At 519.

This court initially dismissed Count I on the basis that the plaintiffs were relying on duties owed to the defendants solely by Dutton Investment, rather than Urbahns, finding that "[b]ecause plaintiffs have not set forth an independent duty owed by Urbahns, unlike the defendant in Appletree, plaintiffs fail to state a claim in counts I, III, and IV." However, the court is now persuaded that the facts of this case do not remove Count I from application of the Appletree holding. Michigan treats fiduciary duty claims, which (despite defendants' creative arguments) do not appear to be preempted by state statute, as common law tort claims. Miller v. Magline, Inc., 76 Mich.App 284, 313, 256 N.W.2d 761 (1977). It is alleged here that Dutton Investment owed a duty of care/fiduciary duty to Dutton Corporate Center and its members/interest owners, which was delegated to the officer/manager, defendant Urbahns, who caused Dutton Investment to breach that duty. Thus the court is convinced that a corporate employee or official has been alleged to have participated in tortious acts–either on behalf of Dutton Investment or on his own behalf–which caused injury to plaintiffs. The court will reinstate this count.

Count IV alleges that Urbahns' actions caused Dutton Investment to breach its statutory duty. However, Count IV is a statutory cause of action under a state statute that contemplates liability of "managers" or "members in control" of limited liability companies under circumstances where a "member" of that same limited liability company brings an

action in a Michigan county's *Circuit Court*. Further, damages are awarded "to the limited liability company or to the member." See Mich. Comp. Laws Ann. § 450.4515(1)(e). This action was brought solely against Urbahns, who was manager/member in control of Dutton Investment. Plaintiffs are not members of Dutton Investment, and it is clear that this statute does not fit the circumstances alleged here. No palpable error was committed in dismissing this claim.

Motion for Leave to Amend

Courts "should freely give leave when justice so requires" to amend a complaint. Fed. R. Civ. P. 15(a)(2). However, leave should not be granted in circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiffs ask for leave to file a second amended complaint in response to this court's previous suggestion that it would entertain such a motion in order to cure plaintiffs' improper use of "piercing the corporate veil" in the first amended complaint. Defendant, however, asserts that the motion for leave should be denied, even with the proper allegations concerning veil piercing, because it would be futile.

The court is in agreement with defendant to the extent the proposed Second Amended Complaint (SAC) includes claims relating to Mich. Comp. Laws Ann. § 450.4515, for the reasons given above (proposed Counts II and III)[2]. That statute cannot provide

---

[2] Proposed Count II is entitled "Piercing the Corporate Veil to Hold Defendant Responsible for the Tortious Actions He Committed Using Dutton Investment as a Mere

relief for the plaintiffs under these circumstances.

The SAC's proposed Count I again asserts the common law breach of fiduciary tort claim against defendant, suggesting that the corporate veil be pierced in order to recover on this claim. However, although the court's earlier order contemplated that a corporate veil piercing theory might be appropriate here, the court has now determined its pleading as set forth in Count I of the proposed SAC is not necessary. Generally, piercing of the corporate veil is an equitable remedy, employed where the corporate form has been abused to shield directors, interest owners, or others from direct liability. However, this is a case in which an individual and sole defendant, Urbahns, is alleged to have direct liability for improper acts alleged by plaintiffs. The corporation of which he was in control is alleged to be merely a "shell." The court anticipates no need to "pierce the corporate veil" in a situation like this. As in Appletree, where the court noted that "we have never required that a plaintiff pierce the corporate veil in order to hold corporate officials liable for their own tortious misconduct," 485 Mich. at 18, the same goes here.[3]

In accordance with the findings of the court in this order, the amendment of the complaint to reinstate Count I has been allowed by the court. As discussed above, the court has determined that the language of Count I from the First Amended Complaint is appropriate. Finally, the SAC's proposed Count IV is entitled "Accounting Pursuant to MCL

---

Instrumentality to Violate MCL 450.4515." Proposed Count III is entitled "Piercing the Corporate Veil as a Remedy for the Numerous Tortious Actions Defendant Committed Using Dutton Investment as a Mere Instrumentality to Violate MCL 450.4515."

[3]The First Amended Complaint included a paragraph requesting piercing of the corporate veil "to the extent necessary." Although, as noted, the court does not see any likelihood of plaintiffs' need to pursue a "veil piercing" theory here, this request appears to be sufficient should such a need develop.

450.4503." This Count has not been changed from that of the First Amended Complaint and is allowed as written. Therefore, the Second Amended Complaint will simply reinstate Counts I and V from the First Amended Complaint, which will now be enumerated as Counts I and II.

CONCLUSION

As set forth above, and for the reasons given, plaintiffs' motion for reconsideration is hereby GRANTED IN PART AND DENIED IN PART. Plaintiffs' motion to amend is likewise GRANTED IN PART AND DENIED IN PART. Plaintiffs shall file their second amended complaint in accordance with this order within 14 days.

IT IS SO ORDERED.

Dated: September 3, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 3, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk