UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED GORDON, WILLIAM WIDMYER,
OSCAR STEFANUTTI, BROWN
ROAD GROUP, BFO INVESTMENT
COMPANY, and REFCO, INC.,

    Plaintiffs,

v.	Case No. 12-CV-13724
	HON. GEORGE CARAM STEEH

JOHN URBAHNS,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DOC. # 40)

The court's order of September 3, 2013 granted in part and denied in part plaintiffs' motion to file a second amended complaint. Specifically, the court ordered:

> [I]n accordance with the findings of the court in this order, the amendment of the complaint to reinstate Count I has been allowed by the court. As discussed above, the court has determined that the language of Count I from the First Amended Complaint is appropriate. Finally, the SAC's proposed Count IV is entitled "Accounting Pursuant to MCL 450.4503." This Count has not been changed from that of the First Amended Complaint and is allowed as written. Therefore, the Second Amended Complaint will simply reinstate Counts I and V from the First Amended Complaint, which will now be enumerated as Counts I and II.

Doc. # 39 at 6-7. The court then gave plaintiffs 14 days in which to file the second amended complaint.

Plaintiffs failed to file that complaint by the designated deadline. Within a few days defendants drafted and filed a motion to dismiss based on this omission, and plaintiffs filed their second amended complaint only hours later. Plaintiffs explain that

their error in filing the complaint four business days late was inadvertent.  Because oral argument would not assist the court in resolving this matter, the motion is ordered submitted on the briefs in accordance with E.D. Mich. LR 7.1(e)(2).

The court accepts plaintiffs' explanation.  The complaint to be filed involved no new drafting or significant effort of any kind on the part of plaintiffs, as its form was dictated entirely by this court's order.  Correspondingly, the second amended complaint presented no novel information or theories to the defendant, seeing as he was just as aware of what was to be filed as were plaintiffs.  He has certainly suffered no prejudice as a result of the late filing.

While failure to comply with court orders may certainly result in disastrous consequences for parties, allowing this particular error to affect the proceedings would, in the court's estimation, be elevating form over substance to an unnecessary degree, and serve ultimately only to prolong this dispute.

Accordingly, defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated:  October 8, 2013

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 8, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin  
Deputy Clerk